IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN P. MARTIN and DAVID E. NEAL,<br><br>    Plaintiffs,<br><br>  v.<br><br>GELTECH SOLUTIONS, INC. and ROOTGEL WEST,<br><br>    Defendants.<br>_____/ | No. 09-04884 CW<br><br>ORDER GRANTING DEFENDANT GELTECH'S MOTION TO TRANSFER |

    Defendant Geltech Solutions moves to dismiss, transfer or stay this action, arguing that there is a first-filed action in the Southern District of Florida with substantially the same parties and issues. Plaintiffs Susan Martin and David Neal oppose the motion. The motion was decided on the papers. Having considered all of the papers filed by the parties, the Court grants Geltech's motion to transfer the action.

## BACKGROUND

    On July 14, 2009, Geltech filed a complaint for declaratory judgment against Marteal Ltd. in the Southern District of Florida. On October 13, 2009, Marteal filed a motion to dismiss the declaratory judgment action. The next day, Susan Martin and David Neal filed a complaint in this Court against Geltech Solutions and

1  RootGel West for infringement of registered trademarks, false
2  designation of origin and unfair competition.  Martin and Neal are
3  the owners of the trademark registration for the mark ROOTGEL and
4  the sole officers and directors of Marteal.[1]

5     On November 3, 2009, Geltech filed an amended complaint in the
6  Southern District of Florida and on November 23, 2009, Marteal
7  responded with another motion to dismiss.  Marteal argued that the
8  district court lacked subject matter jurisdiction because there was
9  no case or controversy.  Marteal asserted that ownership of the
10 registered trademark at issue, ROOTGEL, belonged to Susan Martin
11 and David Neal and that it was a mere licensee of the mark.
12 Marteal argued in the alternative that the case should be
13 transferred to the Northern District of California pursuant to 28
14 U.S.C. § 1401(a).  On May 7, 2010, the Florida court concluded that
15 it had subject matter jurisdiction over the lawsuit because a case
16 or controversy existed between the parties.  It also held that
17 Geltech could sue Marteal for infringement under 15 U.S.C. § 1114
18 because Marteal is alleged to be the "sole and exclusive licensee
19 of the mark."  Order at 10.  The court then addressed Marteal's
20 motion to transfer.  It applied the first-to-file rule and
21 concluded that venue was proper in the Southern District of
22 Florida.

DISCUSSION

24 "There is a generally recognized doctrine of federal comity

---

[1] The Court takes judicial notice of the document filed with the California Secretary of State concerning Marteal's stock corporation disclosures.

2

1  which permits a district court to decline jurisdiction over an
2  action when a complaint involving the same parties and issues has
3  already been filed in another district." Pacesetter Systems, Inc.
4  v. Medtronic, Inc., 678 F.2d 93, 94-5 (9th Cir. 1982).  This
5  doctrine, known as the first-to-file rule, "gives priority, for
6  purposes of choosing among possible venues when parallel litigation
7  has been instituted in separate courts, to the party who first
8  establishes jurisdiction." Northwest Airlines, Inc. v. American
9  Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  The rule
10 "serves the purpose of promoting efficiency well and should not be
11 disregarded lightly." Church of Scientology of California v.
12 United States Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).
13     In applying the first-to-file rule, a court looks to three
14 threshold factors: "(1) the chronology of the two actions; (2) the
15 similarity of the parties, and (3) the similarity of the issues."
16 Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D.
17 Cal. 2003).  If the first-to-file rule does apply to a suit, the
18 court in which the second suit was filed may transfer, stay or
19 dismiss the proceeding in order to allow the court in which the
20 first suit was filed to decide whether to try the case. Alltrade,
21 Inc. v. Uniweld Products, Inc., 946 F.2d 622, 622 (9th Cir. 1991).
22     "Circumstances under which an exception to the first-to-file
23 rule typically will be made include bad faith, anticipatory suit
24 and forum shopping." Id. at 628 (internal citations omitted).
25 Another exception to the first-to-file rule applies if "the balance
26 of convenience weighs in favor of the later-filed action." Ward v.
27 Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994).  This is
28

3

analogous to the "convenience of parties and witnesses" on a transfer of venue motion pursuant to 28 U.S.C. § 1404(a). Med-Tec Iowa, Inc. v. Nomos Corp., 76 F. Supp. 2d 962, 970 (N.D. Iowa 1999); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 133 (S.D.N.Y. 1994). The court with the first-filed action should normally weigh the balance of convenience and decide whether an exception to the first-to-file rule applies. Pacesetter, 678 F.2d at 96 (citing Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 185 (1952)); see also Alltrade Inc., 946 F.2d at 628.

    Martin and Neal argue that the first-to-file rule does not apply to this case because the present case and the Florida case do not involve the same parties. Although Martin and Neal are not named defendants in the Florida case, they are the sole officers and directors of Marteal, the defendant in the Florida case. Further, the Florida court has already concluded that Marteal can assert rights for infringement of the disputed trademark even though the mark is registered to Martin and Neal because Marteal is the exclusive licensee of the mark.

    Martin and Neal also note that Defendant RootGel West is a Defendant in the instant case but not in the Florida case. However, according to Court records, RootGel West has not been served with the complaint in the present case and it is not clear whether such a corporate entity exists. As noted above, the first-to-file rule requires substantial similarity, not exact identity, between the parties. The Court finds that this requirement is met.

4

Martin and Neal also argue that the present case and the Florida case do not involve substantially similar issues because there is no case or controversy in the Florida case. As noted above, the Florida court ruled otherwise. The central issue in both the present case and the Florida case is identical -- the alleged infringement of the ROOTGEL mark.

The Court finds that the first-to-file rule is applicable and requires deference to the court in which the first case was filed. Applying the first-to-file rule in this case furthers the sound policy rationale underlying it. Thus, the Court defers to the rulings of the court in the first-filed action, the Florida court, concerning Martin and Neal's arguments regarding an exception to the first-to-file rule. See Pacesetter, 678 F.2d at 96 (noting that normally the respective convenience of the two courts should be addressed to the court in the first-filed action). Because the Florida court has already determined that no exceptions to the first-to-file rule apply and that venue in the Southern District of Florida is proper, the Court grants Geltech's motion to transfer. This Court will not re-address the arguments that Geltech's declaratory judgment action was anticipatory and filed in bad faith, or that the balance of convenience factor weighs in favor of litigating in Northern California.

//
//
//
//
//

5

CONCLUSION

For the foregoing reasons, the Court grants Geltech's motion to transfer. Docket No. 10. The Court orders the instant case transferred to the United States District Court for the Southern District of Florida.

IT IS SO ORDERED.

Dated: 06/04/10

CLAUDIA WILKEN
United States District Judge